IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VERNA HARRIS, | ) | CASE NO. 1:11 CV 571 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

## Introduction

Before me[1] is an action by Verna Harris under 42 U.S.C. § 405(g) for judicial review of a decision of the Commissioner of Social Security that denied Harris's application for Disability Insurance Benefits (DIB).[2] The Commissioner has filed an answer[3] as well as the transcript of the administrative proceedings.[4] Pursuant to my initial order,[5] each party has

---

[1] The parties have consented to my exercise of jurisdiction (ECF # 11), and accordingly United Stated District Judge Benita Y. Pearson transferred this matter to me for further proceedings. ECF # 12.

[2] ECF # 1.

[3] ECF # 9.

[4] ECF # 10.

[5] ECF # 5.

briefed its position[6] and filed supplemental fact sheets[7] and charts.[8] The parties have participated in an oral argument.[9]

For the reasons set forth below, I will find that the decision of the Commissioner is supported by substantial evidence and is therefore affirmed.

## Facts

### A.    The decision of the Administrative Law Judge (ALJ)

The administrative record shows that Harris, who was 53 years old at the time of the hearing,[10] has a GED and obtained certification as a nursing assistant.[11] She has past relevant work as a packer, deli worker, deli work manager, and nursing assistant.[12] The ALJ found that she had severe impairments as to SLE (lupus), fibromyalgia, obesity, degenerative disc disease and from her status post back surgery.[13] That said, the ALJ then found that none of these impairments met or equaled a listing.[14]

---

[6] ECF # 18 (Harris's brief); ECF # 21(Commissioner's brief).

[7] ECF # 14 (Harris's fact sheet).

[8] ECF # 21, Attachment (Commissioner's charts).

[9] ECF # 24.

[10] Transcript (Tr.) at 16.

[11] *Id.* at 22.

[12] *Id*. at 41-42, 126-133.

[13] *Id*. at 10.

[14] *Id*. at 11.

The ALJ thereupon took note of Harris's testimony concerning the intensity, persistence, and limiting effects of her symptoms, but found them not fully credible.[15] Relying on the opinions of Harris's treating surgeon, a consultative examiner, and opinions from State agency reviewers,[16] the ALJ declined to accept a residual functional capacity (RFC) finding proposed by Harris's counsel that Harris can do no more than sedentary work, in favor of giving significant weight to the opinion of Bharat Shah, M.D., the treating surgeon, and A.K. Bhaiji, M.D., the consultative examiner.[17]

Specifically, the ALJ determined Harris's RFC to be as follows:

[Harris] has the residual functional capacity to perform light work ... except that [she] is limited to no more than occasional pushing/pulling, climbing, use of ladders, use of ropes, use of scaffolds, stooping and crawling; and no more than frequent reaching and handling. [Harris] is also to avoid exposure to sunlight.[18]

On that basis, and with the assistance of testimony from a vocational expert (VE), the ALJ found that Harris could do her past relevant work as a deli worker.[19] Harris was thus found not to be under a disability and her application was denied.[20]

---

[15] *Id*. at12.

[16] *Id*. at 14.

[17] *Id*.

[18] *Id*. at 12.

[19] *Id*. at 14-15.

[20] *Id*. at 15.

**B.**      **Issues on judicial review**

Harris raises two issues for judicial review:

•      Whether the ALJ's determination that Ms. Harris can perform a range of light work is supported by substantial evidence and based on the appropriate legal standards?[21]

•      Whether the ALJ failed to properly evaluate Ms. Harris's upper extremity limitations?[22]

## Analysis

**A.**      **Standard of review – substantial evidence**

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable

to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different

---

[21] ECF # 18 at 1.

[22] *Id.*

-4-

conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[23]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner survives "a directed verdict" and wins.[24] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[25]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

## B. Applications of standard

### 1. The RFC is supported by substantial evidence

Harris's argument here largely rests on her assertion that the opinion of Dr. Bhaiji, which opinion was given "some weight" by the ALJ, actually found that Harris may have difficulty standing, walking, lifting, carrying objects, and traveling but that the ALJ failed to give good reasons for not adopting this limitation.[26] Harris maintains that the ALJ's failure

---

[23] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

[24] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06cv403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[25] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

[26] ECF # 18 at 14.

to articulate good reasons for not adopting this opinion means the RFC is not supported by substantial evidence.[27]

The Commissioner, for his part, notes that the ALJ gave less than controlling weight to Dr. Bhaiji's opinion for the reason that this opinion did not give any specific limitations and "only stated that [Harris] 'may' have difficulty with these activities."[28] As the Commissioner further observes, such vague opinions, or ones that do not provide specific limitations, do not need to be addressed by the ALJ.[29] The Commissioner further notes that the RFC was otherwise consistent with Dr. Bhaiji's opinion.[30]

The Commissioner also notes that the RFC here was "entirely consistent" with the opinion of state agency reviewing physician Arthur Sagone, M.D..[31] He also states that, contrary to Harris's argument, the opinion of treating rheumatologist Daniel Holden, M.D. was not entitled to controlling weight, nor was the ALJ required to give good reasons for not adopting it, because Dr. Holden never submitted an RFC finding.[32]

In this regard I note initially that while Dr. Bhaiji did make the comment cited earlier, his treatment notes show specifically that Harris had some paraspinal tenderness, a reduced

[27] *Id*. at 14-15.

[28] ECF # 21 at 10.

[29] *Id*. (citing cases).

[30] *Id*.

[31] *Id*. at 11.

[32] *Id*.

lumbar range of motion, a somewhat limping gait, and difficulty getting off the examination table.[33] If those clinical findings are the basis for the remark about Harris potentially having some difficulty with certain activities, they seem to support the conclusions of the RFC. Most importantly, though, I find that the Commissioner is correct in saying that an ALJ is not required to give any weight to vague opinions with no specific limitations. Furthermore, the ALJ did not need to "give good reasons" for weight assigned to a physician who examined but did not treat a claimant.[34]

With Dr. Bhaiji's opinion understood in this light, and within the framework of the fact that Dr. Holden did not submit an RFC opinion,[35] I find that there was no articulation error in the ALJ not crediting the whole of Dr. Bhaiji's opinion. The reason given – vagueness – is clear and reviewable and proper. Therefore, I find that the RFC decision is supported by substantial evidence and so affirmed.

### 2. *The ALJ properly evaluated Harris's claimed upper extremity limitations*

Similarly to the preceding issue, Harris contends that the ALJ failed to properly evaluate her upper extremity complaints in light of the opinions of Dr. Holden, Dr. Bhaiji, and Dr. Sagone.[36] And again, the Commissioner restates his assertion that, "Dr. Holden's

---

[33] Tr. at 289.

[34] *Perry v. Comm'r of Soc. Sec.*, No. 12-5179, slip op. at 3 (6th Cir. Sept. 27, 2012).

[35] *Torres v. Comm'r of Soc. Sec.*, No. 11-3981, 2012 WL 3089344, at *5 (6th Cir. July 31, 2012) (discussing the distinction between a mere diagnosis of fibromyalgia and an opinion addressing physical limitations caused thereby).

[36] *Id*. at 16-17.

examination results and diagnostic testing results do not establish disability, nor do they describe an extreme condition in [Harris's] ability to perform activities with her upper extremities."[37] Moreover, Dr. Sagone opined that Harris was able to do "frequent" reaching with her upper right extremity, and, as noted above, Dr. Bhaiji merely opined that Harris "may" experience difficulties lifting and carrying, without specifying or quantifying how limited Harris actually was.[38]

I find that while the opinion evidence may yield the result Harris seeks, it does not compel it. And thus I find that substantial evidence does support the Commissioner's decision in this respect. Accordingly, that decision is affirmed.

## Conclusion

For the foregoing reasons, I find that the decision of the Commissioner in this case is supported by substantial evidence, and so that decision is affirmed.

IT IS SO ORDERED.

Dated:   September 28, 2012                          s/ William H. Baughman, Jr.
                                                     United States Magistrate Judge

---

[37] ECF # 21 at 12.

[38] *Id.*

-8-